# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>                Plaintiff,<br><br>    v.<br><br>J. LEWIS, et al.,<br><br>                Defendants. | 1:17-cv-01134-DAD-GSA-PC<br>(Madera County Superior Court case #MCV074759)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE REMANDED TO MADERA COUNTY SUPERIOR COURT<br>(ECF No. 1.)<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS |

## I. BACKGROUND

This is a civil action filed by plaintiff Mary Lee Gaines ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis. This action was initiated by civil complaint filed by plaintiff in the Madera County Superior Court (Case #07C-0362). On August 21, 2017, plaintiff removed the case to federal court. (ECF No. 1 at 43.)

## II. REMOVAL

Under 28 U.S.C. § 1441(a), "*the defendant or the defendants*" may remove from state court any action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). Removal is available to defendants to an action, *not*

1

*plaintiffs*. See id. "A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court. . ." Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co. 843 F.2d 1253, 1260 (9th Cir. 1988). "'The right to remove a state court case to federal court is clearly limited to defendants.'" Baker v. Oakland Unified School Dist., 203 Fed.Appx. 117 (9th Cir. 2006) quoting Am. Int'l Underwriters, 843 F.2d at 1260. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1441(a), a plaintiff does not have the right to remove his state court case to federal court. Therefore, the court must reject federal jurisdiction and remand plaintiff's action to the Madera County Superior Court.

### III. CONCLUSION

Based on this analysis, the court finds that plaintiff's lawsuit must be remanded to Madera County Superior Court. Accordingly, IT IS HEREBY RECOMMENDED that:

1. This case be REMANDED to Madera County Superior Court; and
2. The Clerk be DIRECTED to serve notice of the remand and close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed. The parties are

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 5, 2017** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE